IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-00832-PAB-KMT

CROSS RIVER BANK,

      Plaintiff,

v.

JULIE ANN MEADE, in her official capacity as Administrator of the Uniform Consumer
Credit Code for the State of Colorado,

      Defendant.

_____

**ORDER**
_____

This matter comes before the Court on Defendant's 12(b)(1) and (6) Motion to

Dismiss Cross River's Complaint [Dkt. #1] [Docket No. 18].

## I. BACKGROUND

This case is related to a separate action captioned *Meade v. Marlette Funding

LLC*, No. 17-cv-0575-PAB-MJW ("*Marlette*" or the "enforcement action").  In the

enforcement action, the defendant here, Julie Ann Meade (the "Administrator"), seeks

to enforce Colorado's statutory limits on finance and delinquency charges in her role as

the Administrator of the Colorado Uniform Consumer Credit Code.  *Marlette*, Docket

No. 5.  The defendant in the enforcement action, Marlette Funding LLC ("Marlette"),

purchases Cross River Bank-originated loans, Docket No. 1 at 2, ¶ 5, and "has primary

responsibility for marketing" such loans, *id*. at 11, ¶ 50, which is done through Marlette's

website.  *Id*. at 2, ¶ 4.  Additionally, "Marlette has primary responsibility for overseeing

sub-servicers that service and collect on the Loans."  *Id*. at 14, ¶ 73.  Cross River Bank

is not a party to the enforcement action. *Marlette*, Docket No. 5. On March 3, 2017,

Marlette removed the enforcement action to federal court in this district. *Marlette*,

Docket No. 1.

On April 3, 2017, Cross River Bank filed its complaint in this lawsuit. Docket No.

1. Cross River Bank alleges that, through the enforcement action, the Administrator

"directly threatens Cross River [Bank's] federally protected rights to extend and freely

transfer validly-made loans on a nationwide basis, consistent with the Federal Deposit

Insurance Act ("FDIA")." *Id*. at 1, ¶ 1. Cross River Bank argues that Section 27 of the

FDIA, 12 U.S.C. § 1831d, "expressly preempts individual state lending laws" and allows

it to "originate loans nationwide (regardless of the domicile of the borrower) at interest

terms permitted by the laws of New Jersey, and interest and fees on such loans can be

assessed in accordance with New Jersey law, regardless of where the borrower

resides." Docket No. 1 at 2, ¶ 3. Cross River Bank seeks a declaratory judgment that

Colo. Rev. Stat. §§ 5-1-201(8), 5-2-201, 5-2-203, and 5-2-204 (collectively "Colorado

usury laws") are "completely preempted by the FDIA, 12 U.S.C. § 1831d, and/or other

provisions of federal law." Docket No. 1 at 23, ¶ 108(b). Cross River Bank also seeks

a permanent injunction "barring the Administrator from enforcing the provisions

of the Colorado Uniform Consumer Credit Code against Marlette or Cross River [Bank]

. . ., whether in the [enforcement action] or otherwise." *Id*., ¶ 108(c).

On March 27, 2017, the Administrator filed a motion to remand the enforcement

action. *Marlette*, Docket No. 25. On April 25, 2017, the Administrator filed the current

motion to dismiss this case. Docket No. 18. The Administrator argues that Cross River

Bank lacks standing because it alleges only attenuated injury and that Cross River

Bank fails to state a claim because Colorado usury laws are not preempted when

applied to non-bank entities. *Id.* at 4-11. The Administrator also argues that, in the

event the enforcement action is remanded to state court, the Court must abstain from

hearing Cross River Bank's claim pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), or,

in the alternative, that the Court should decline to exercise jurisdiction to issue a

declaratory judgment. Docket No. 18 at 11-15.

The Court has granted the Administrator's motion to remand the enforcement

action to state court. *Marlette*, Docket No. 58.

## II. ANALYSIS

The Court addresses only the issue of *Younger* abstention because it is

dispositive.

In *Younger*, the Supreme Court ruled that a district court's injunction of a

pending state court criminal prosecution violated "the national policy forbidding federal

courts to stay or enjoin pending state court proceedings except under special

circumstances." 401 U.S. at 41. *Younger* abstention dictates "that federal courts not

interfere with state court proceedings by granting equitable relief – such as injunctions

of important state proceedings or declaratory judgments regarding constitutional issues

in those proceedings – when such relief could adequately be sought before the state

court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999). Thus, after *Younger*,

even when a federal court would otherwise have jurisdiction to grant declaratory or

equitable relief, the court must abstain from exercising jurisdiction when a judgment on

the claim would interfere with ongoing state criminal or civil proceedings. *D.L. v. Unified*

*Sch. Dist.*, 392 F.3d 1223, 1227-28 (10th Cir. 2004); *see also Samuels v. Mackell*, 401 U.S. 66, 73 (1971) ("[W]here an injunction would be impermissible under these principles, declaratory relief should ordinarily be denied as well."). The Supreme Court has established a threefold analysis for abstention under *Younger*. "For *Younger* abstention to apply, there must be an ongoing state judicial . . . proceeding, the presence of an important state interest, and an adequate opportunity to raise federal claims in the state proceedings." *Planned Parenthood of Kansas v. Andersen*, 882 F.3d 1205, 1221 (10th Cir. 2018) (alteration marks and internal quotation marks omitted); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431-32 (1982); *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999)*; Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003). *Younger* abstention is mandatory, and a district court does not have discretion whether to abstain unless extraordinary circumstances are present. *Weitzel v. Div. of Occupational and Prof'l Licensing of Dep't of Commerce*, 240 F.3d 871, 875 (10th Cir. 2001) (citing *Amanatullah*, 187 F.3d at 1163).

As to the first prong of the *Younger* analysis, the enforcement action is pending in state court. *See Marlette*, Docket No. 58. As to the second prong, enforcing laws regulating lending practices implicates an important state interest. *See Epes v. Green Tree Servicing, LLC*, 2004 WL 5571941, at *10 (E.D. Va. Dec. 14, 2004) ("[T]he state has an important interest in protecting citizens from predatory lending practices and usury." (citations omitted)). The relief Cross River Bank seeks – an order enjoining the Administrator from enforcing Colorado usury laws against Marlette – would have a

significant effect on the State's ability to regulate lending.  *See* Docket No. 18 at 13-14;

Colo. Rev. Stat. § 5-6-114 (empowering the Administrator to enforce Colorado's usury

laws by civil action).  As to the third prong, Cross River Bank does not argue or allege

any facts showing that Marlette would be unable to raise preemption challenges in

relation to the Cross River Bank-initiated loans that it owns, and the Court finds no

basis for so concluding.  *Cf. Stoorman v. Greenwood Trust Co.*, 908 P.2d 133 (Colo.

1995) (finding that federal law preempts Colorado's limitations on loan fees and interest

charges by a federally-insured, state-chartered bank).

Cross River Bank presents three arguments that abstention is inappropriate

here: (1) Cross River Bank is not a party to the enforcement action, Docket No. 22 at

13-14, (2) the enforcement action does not involve important state interests, *id*. at 14,

and (3) the enforcement action is "not a 'quasi-criminal' action that can support"

*Younger* abstention.  *Id*. (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584

(2013)).[1]  The Court addresses these arguments in turn.

## A.   Cross River Bank is Not a Stranger to the Enforcement Action

Cross River Bank argues that it is a "stranger" to the enforcement action

because it does not have the type of relationship with Marlette that makes it Marlette's

alter ego such that Cross River Bank's claims are subject to *Younger* abstention.

Docket No. 22 at 13-14 (citations omitted).  Cross River Bank argues that "entities that

are 'unrelated in terms of ownership, control, and management' – as Marlette and

Cross River Bank are here – are distinct for *Younger* purposes even if they have 'similar

---

[1] Cross River Bank also argues that *Younger* abstention would be premature
because the enforcement action has not been remanded.  Docket No. 22 at 13.

business activities and problems.'" *Id*. at 14 (quoting *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 928-29 (1975)). This argument is not persuasive for the same reasons that the Court rejected the argument in *WebBank v. Meade*, No. 17-cv-00786-PAB-MLC, 2018 WL 1399914, at *3 (D. Colo. Mar. 19, 2018), a parallel suit brought against the Administrator by a similarly-situated bank. *Younger* applies in these circumstances because Cross River Bank "seeks to directly interfere with an ongoing state court proceeding," *id*. (citing *Doran*, 422 U.S. at 929-30, and because Cross River Bank "has a close business relationship with [Marlette] and has not shown that it is a genuine stranger that has 'its own distinct claim to pursue.'" *Id*. (quoting *D.L.*, 392 F.3d at 1230). Cross River Bank and Marlette's "mutual interests go beyond merely opposing the same policy; [Cross River Bank's] federal claims seek to vindicate the same conduct that is at issue in the enforcement action." *Id*. (citing *Hicks v. Miranda*, 422 U.S. 332, 348-49 (1975)). Therefore, the Court finds that abstention is appropriate even though Cross River Bank is not a party to the enforcement action.

### B. Colorado Has an Important State Interest in Enforcing its Usury Laws

Cross River Bank argues that Colorado lacks an important state interest in enforcing its usury laws, but provides no substantive argument and cites no authority that supports this proposition. Docket No. 22 at 14. Courts that have addressed this issue have found that there is an important state interest in enforcing usury laws. *See, e.g., Epes*, 2004 WL 5571941, at *10. Moreover, Colorado has not only enacted its usury laws, but it has also empowered a state official to enforce those laws through civil actions such as the enforcement action, indicating an important state interest is

implicated.  *See* Colo. Rev. Stat. § 5-6-114.  Thus, the Court finds an important state interest.

### C.  Civil Enforcement Actions are Subject to *Younger* Abstention

Cross River Bank argues that the enforcement action cannot support *Younger* abstention.  Docket No. 22 at 14 (citing *Sprint Commc'ns, Inc.*, 134 S. Ct. 584).  The Court must also reject this argument for the same reasons that it explained in *WebBank*, namely, that *Sprint Commc'ns* "reaffirmed" that *Younger* abstention applied to "civil enforcement proceedings such as an enforcement action."  2018 WL 1399914, at *3 (citations omitted).  This conclusion is compelled by binding precedent.  *Planned Parenthood of Kansas*, 2018 WL 991502, at *11 ("[C]ivil enforcement proceedings merit abstention under *Younger*." (citing *Sprint Commc'ns*, 134 S. Ct. at 588)).  The Court finds that *Younger* abstention is appropriate and, accordingly, will dismiss this case for want of jurisdiction.

## III.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendant's 12(b)(1) and (6) Motion to Dismiss Cross River's Complaint [Dkt. #1] [Docket No. 18] is **GRANTED**.  It is further

**ORDERED** that plaintiff's claims are dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(1).  It is further

**ORDERED** that, within 14 days of the entry of this Order, defendant may have her costs by filing a Bill of Costs with the Clerk of the Court.  It is further

**ORDERED** that this case is closed.

DATED March 22, 2018.

BY THE COURT:


 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge